16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Billy WISEMAN, Petitioner-Appellant,
v.
Michael CODY, Warden, Lexington Correctional Center;
Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-7074.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 BALDOCK
 
 1
 Petitioner Billy Wiseman, appearing pro se, appeals the district court's dismissal of his habeas petition for failure to exhaust. 28 U.S.C. 2254. We have jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 2
 Petitioner raised three issues below: (1) ineffective assistance of trial and appellate counsel in that counsel at his state court trial failed to file his appeal; (2) the Oklahoma Court of Appeals improperly denied him his right to an out-of-time appeal, which was mandated because his counsel failed to file a timely direct appeal; and (3) double jeopardy with regard to his two conviction counts. The district court held that Petitioner failed to exhaust issues two and three in state court. However, issues one and two are identical, because in issue two, Petitioner merely asserts that the Oklahoma Court of Appeals erred in rejecting his ineffective assistance of counsel claim, i.e., his first issue in his federal habeas petition. In any event, Petitioner has successfully exhausted his ineffective assistance of counsel issue or issues.
 
 
 3
 Nevertheless, Petitioner's exhaustion problem with issue three remains. In fact, Petitioner concedes in his brief to this court that he never raised issue three in state court. Because we must dismiss federal habeas petitions that contain a combination of both exhausted and unexhausted claims, i.e., mixed petitions, see Rose v. Lundy, 455 U.S. 509, 510 (1982), and because Petitioner has failed to exhaust one of his asserted claims in state court, we affirm the district court and dismiss the appeal. Petitioner now has the "choice of returning to state court to exhaust his [remaining] claim[ ] or of amending or resubmitting the habeas petition to present only the exhausted claims to the district court." Id.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993. --- F.3d ----
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument